IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRENCE BUCHANAN,

    Plaintiff,                                      ORDER

    v.                                            12-cv-408-wmc
                                                   Appeal No. 14-1179

JONATHAN WEAVER,

    Defendant.

State inmate Terrence Buchanan filed this lawsuit pursuant to 42 U.S.C. §§ 1981 & 1983, among other things alleging unlawful arrest and imprisonment by City of Madison Police Officer Jonathan Weaver and four John Doe supervisory officials. On December 23, 2013, the court granted Buchanan leave to proceed against Weaver under 42 U.S.C. § 1983 for violations of the Fourth Amendment, as well as state tort claims of conversion and false imprisonment. The court denied leave to proceed on claims of malicious prosecution and unlawful discrimination under 42 U.S.C. § 1981, as well as violations of the Equal Protection Clause by selective enforcement. Because Buchanan did not allege facts suggesting a plausible claim for supervisory liability, the court also denied his request for leave to proceed against the John Doe defendants.

Buchanan has now filed a notice of appeal from the December 23 screening order. (Dkt. # 11). Because the challenged order is not a "final" judgment, the court construes Buchanan's notice as a request for certification or leave to pursue an interlocutory appeal. Such a request is governed by 28 U.S.C. § 1292(b), which provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This court's December 23 screening order involves no apparent controlling question of law on which there is substantial ground for differing opinion, nor does Buchanan argue or show otherwise. Likewise, a prompt appeal from the screening order in this case will not materially advance the ultimate outcome of this litigation. Indeed, an interlocutory appeal will delay resolution of Buchanan's case against the only viable defendant, Officer Weaver. Therefore, the court will deny Buchanan's request for leave to take an interlocutory appeal pursuant to § 1292(b).

Even so, Buchanan's notice of appeal has triggered a financial obligation. Whether or not his appeal is dismissed, the Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). Buchanan has filed a motion for leave to proceed without prepayment of the appellate docketing fee, along with a certified trust fund account statement for the past six months. In determining whether a litigant is eligible to proceed *in forma pauperis* on appeal, the court must find that he is indigent and, in addition, that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith.").

Since Buchanan is attempting to appeal from an unappealable, non-final order, the court cannot certify that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). Accordingly, his request for leave to proceed *in forma pauperis* on appeal must be denied.

2

Because the court has certified that Buchanan's appeal is not taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, Buchanan has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed *in forma pauperis* on appeal. With his motion and six-month trust fund account statement, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal. He must also send include a copy of this order.

Plaintiff Buchanan should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis*. Instead, it may require him to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal. Indeed, given that he appears to be attempting to appeal from a non-appealable, pre-judgment order, dismissal of his appeal is likely in any event.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrence Buchanan's request for leave to take an interlocutory appeal is DENIED.

2. The court CERTIFIES that Buchanan's appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and DENIES his motion leave to proceed *in forma pauperis* (dkt. #12) in this case.

3. Although this court has certified that plaintiff's appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Buchanan is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, **within thirty (30) days of the date of this order**. With that motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order. Plaintiff should be aware that he must file these documents *in addition* to the notice of appeal he has filed previously.

Entered this 4th day of February, 2014.

                                       BY THE COURT:

                                       /s/
                                       _____
                                       WILLIAM M. CONLEY
                                       District Judge