IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRENCE BUCHANAN,

                  Plaintiff,                  OPINION AND ORDER

v.

                                              12-cv-408-wmc

JONATHAN WEAVER,

                  Defendant.

One April 16, 2014, the court dismissed this case for want of prosecution under Federal Rule of Civil Procedure 41(b) after plaintiff Terrence Buchanan failed to: (1) appear at two preliminary pretrial conferences; (2) update the court as to his current address; or (3) respond to the court's order to show cause why his suit should not be dismissed for failure to prosecute. On September 30, 2015, the court also denied Buchanan's motion to reopen the case under Rule 60(b), finding that he failed to come forward with evidence of excusable neglect. As is his right, Buchanan filed an appeal from that decision.

Inexplicably, however, after filing his notice of appeal, Buchanan also filed a motion for reconsideration of the court's decision. Because Buchanan's appeal remains pending in the Seventh Circuit, the motion for reconsideration must be denied for the reasons set forth briefly below.

With limited exceptions, the filing of a notice of appeal shifts jurisdiction from the district court to the court of appeals. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."); *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009). As a consequence, once a notice of appeal is filed, further proceedings in the

district court cannot take place generally, at least without leave of the court of appeals. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986) (citing *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir. 1972)).

Where a district court lacks authority to grant relief because of an appeal that has been docketed and is pending, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Here, the court will deny the motion because, while Buchanan endeavors to explain further some of the reasons for his extensive delay in making an effort to prosecute his lawsuit, he falls far short of showing that there were "exceptional circumstances" entitling him to "extraordinary relief" under Rule 60(b).[1] *See Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (quoting *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir. 1982)).

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiff Terrence Buchanan (dkt. #44) is DENIED under Federal Rule of Civil Procedure 62.1(a).

Entered this 16th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Even if Buchanan had not filed an appeal, his motion for reconsideration would appear to be untimely because he filed it later than 28 days after the court denied his Rule 60(b) motion.